An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BDC PROPERTIES, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Appellant,
vs.
CITY OF RENO, A POLITICAL
SUBDIVISION OF THE STATE OF
NEVADA,
Respondent.

No. 61787

FILED

FEB 0 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

ORDER DISMISSING APPEAL

This is an appeal from a district court order affirming a municipal court order concerning the denial of an application to construct a billboard. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Respondent has moved to dismiss this appeal, asserting that the municipal court did not have jurisdiction because appellant failed to file an administrative appeal to the Reno City Council under NRS 278.3195 and Reno Municipal Code 18.06.208 and, therefore, neither the district court nor this court has jurisdiction over this matter challenging the municipal court order. Appellant opposes the motion, arguing that respondent should be estopped from contesting jurisdiction because it misled appellant by providing in the hearing officer's decision denying the billboard application that any challenge should be filed in the municipal court, in accordance with Reno Municipal Code 4.04.160, and by then participating in the municipal court action.

We conclude that we lack jurisdiction, but not for the reasons asserted in the motion to dismiss. This court has jurisdiction to consider an appeal from a district court order finally resolving "an action or

SUPREME COURT
OF
NEVADA

(O) 1947A

13-03751

proceeding commenced" in that court. NRAP 3A(b)(1). Thus, regardless of whether the district court had jurisdiction, this court has jurisdiction over any final order meeting NRAP 3A(b)(1)'s terms. See generally Argentena Consol. Mining Co. v. Jolley Urga, 125 Nev. 527, 216 P.3d 779 (2009) (considering on appeal whether the district court had jurisdiction to adjudicate an attorney lien in the underlying action). Here, however, the district court's order does not meet NRAP 3A(b)(1)'s terms, because it did not resolve a matter "commenced" in the district court. Instead, appellant's case was commenced in the municipal court. The district court has final appellate jurisdiction over a case arising in the municipal court. Nev. Const. art. 6, § 6; Tripp v. City of Sparks, 92 Nev. 362, 550 P.2d 419 (1976); Waugh v. Casazza, 85 Nev. 520, 521, 458 P.2d 359, 360 (1969). Accordingly, although not for the reasons argued in the motion to dismiss, we lack jurisdiction over this appeal, and we

ORDER this appeal DISMISSED.[1]

_____, J.
Gibbons

_____, J.        _____, J.
Douglas                            Saitta

---

[1]As we lack jurisdiction, we decline to address appellant's alternative request that we allow it to recommence an administrative appeal before the Reno City Council under the principles set forth in NRS 11.500.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Janet J. Berry, District Judge
David Wasick, Settlement Judge
Scarpello & Huss, Ltd.
Reno City Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A